**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1566-WJM-MEH

TRUEFORCE GLOBAL SERVICES, INC.,

 Plaintiff,

v.

TRUEFFECT, INC., a Delaware corporation,
DAVID HINTON, an individual, and
DOES 1-20,

 Defendants.

---

**ORDER ADOPTING JUNE 22, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

 This matter is before the Court on the June 22, 2021 Report and Recommendation of U. S. Magistrate Judge Michael E. Hegarty (the "Recommendation") (ECF No. 71) that the Court grant Plaintiff Trueforce Global Services, Inc.'s ("Trueforce") Motion to Modify Scheduling Order ("Motion") (ECF No. 66). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

 Defendants TruEffect, Inc. ("TruEffect") and David Hinton ("Hinton") (jointly, "Defendants") filed an Objection to the Recommendation on July 6, 2021. (ECF No. 75.) Trueforce filed a Response to the Objection on July 20, 2021 (ECF No. 76). For the reasons set forth below, the Recommendation is adopted in its entirety and Defendants' Objection is overruled.

## I. RULE 72(b) STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## II. BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in the proposed Third Amended Complaint ("TAC"). The TAC alleges new facts pertaining to Carlos Sala's ("Sala") involvement with TruEffect and the claim that Sala made a fraudulent statement to Plaintiff.

2

Trueforce filed this action in Contra Costa County Superior Court in California on November 14, 2019, and TruEffect and Hinton removed this action to the Northern District of California on January 2, 2020. (ECF No. 1.)

On January 10, 2020, Trueforce filed its First Amended Complaint, which alleged claims of breach of contract, breach of implied contract, and false promise against TruEffect and Hinton. (ECF No. 7.) Hinton and TruEffect moved to dismiss First Amended Complaint on February 10, 2020. (ECF No. 15.) On June 1, 2020, United States District Judge Saundra Brown Armstrong granted the motion to dismiss as to Hinton; she dismissed the breach of contract and breach of implied contract claims against Hinton with prejudice and dismissed the false promise claim against Hinton without prejudice for Trueforce's failure to state a claim. (ECF No. 25 at 14.) Judge Armstrong also granted TruEffect and Hinton's motion to transfer venue and transferred the action to the District of Colorado. (*Id.*)

On June 26, 2020, Trueforce filed the Second Amended Complaint. (ECF No. 38.) Trueforce alleged: (1) a breach of contract claim against TruEffect and Does 1–20 (¶¶ 55–67); (2) a breach of implied contract claim against TruEffect and Does 1–20 (¶¶ 68–73); and (3) a false promise claim against TruEffect, Hinton, and Does 1–20 (¶¶ 74–85).

On June 30, 2020, Judge Hegarty entered a Scheduling Order and established the deadline for joinder or amendment as August 7, 2020, and the Order set a fact discovery cut-off of February 1, 2021. (ECF No. 42.)

On July 13, 2020, Hinton filed a Motion to Dismiss. (ECF No. 46.) Trueforce responded on August 3, 2020 (ECF No. 47), and Hinton replied on August 17, 2020

3

(ECF No. 48).  This Court denied Hinton's motion on January 29, 2021.  (ECF No. 53.)  Hinton filed his Answer on February 12, 2021 and TruEffect filed its Answer on July 10, 2020.  (ECF Nos. 54 & 43.)

Within the discovery period set out by the Scheduling order, Plaintiff propounded targeted written discovery on each defendant on December 10, 2020.  (ECF No. 74 at 3.)  TruEffect filed an unopposed Joint Motion for Extension of Time, which was granted on January 8, 2021.  (ECF Nos. 50 & 51.)  The cut-off for Dispositive Motions was extended to July 1, 2021, and the cut-off for fact discovery was extended to May 3, 2021.  (ECF No. 51.)

Defendants served written responses to discovery and their first batch of 11, 278 documents on March 4, 2021.  (ECF 66 at 6.)  On March 16, 2021 Defendants produced a second batch of responsive documents consisting of 5,572 pages.  (*Id.*)  On April 8, 2021 Plaintiff received a signed declaration from TruEffect's former Chief Financial Officer, Anthony DiPaolo.  (*Id.*)  Plaintiff avers that these documents as well as the information in DiPaolo's declaration contained new information that substantiated potential allegations that Sala is culpable of fraud in his individual capacity.  (*Id.* at 2.)

On May 6, 2021, Plaintiff filed a Motion to Modify Scheduling Order, seeking to extend the date to join parties and amend its complaint to June 1, 2021.  (ECF No. 66.)  Defendants responded to the Motion on May 26, 2021, and Trueforce replied on June 9, 2021.  (ECF Nos. 68 & 70.)  On June 22, 2021, Judge Hegarty issued his Recommendation that the Motion be granted.  (ECF No. 71.)  Defendants filed their Objection on July 6, 2021, and Trueforce filed responded on July 20, 2021.  (ECF Nos. 75 & 76.)

### III. LEGAL STANDARD

A two-step analysis is used to determine whether to allow amendment to the pleadings after the passing of the deadline established by the scheduling order. First, the Court considers whether the moving party has shown good cause under Federal Rule of Civil Procedure 16(b) to seek modification of the scheduling order. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014). Second, the Court weighs whether amendment should be allowed under Federal Rule of Civil Procedure 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This standard requires the movant to show that "the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). The burden may be satisfied, for example, when the movant learns new information through discovery or if the underlying law has changed. *Id.* However, Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Colo. Visionary Acad. v. Medronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

The Tenth Circuit has held that district courts have broad discretion to modify their scheduling orders, and has quoted with approval the Third Circuit's observation that "Rule 16 was not intended to function as an inflexible straightjacket on the conduct of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009) (quoting *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 684 (3d Cir. 2003)).

5

Rule 15 states that if the deadline for amending a pleading has passed, then "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of an opportunity to amend is within the discretion of the Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## IV. ANALYSIS

### A.     Rule 16(b)

The "good cause" requirement of Rule 16(b) requires a party to "provide an adequate explanation for any delay." *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014) (quoting *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009)) (internal quotations omitted). This requirement can be satisfied if a party learns new information during discovery. *Gorsuch*, 771 F.3d at 1240.

Judge Hegarty found that Plaintiff demonstrated "good cause" under Rule 16(b) because Plaintiff discovered new information that gave a factual basis for a claim of fraud against Sala. (ECF No. 71.) Judge Hegarty explained that, in Colorado, a claim of fraud requires the plaintiff to prove that the defendant knew that his statement was

6

false at the time he made the statement. (*Id.* at 8.) Judge Hegarty found that Plaintiff did not receive "sufficiently reliable and specific evidence" to establish that Sala knew his promise was false until documents were produced during discovery. (*Id.*) Specifically, Plaintiff learned from DiPaolo's declaration that Sala received "regular briefings on TruEffect's financial position" and had "detailed knowledge of [TruEffect's] true financial condition." (*Id.* at 8–9.)

Judge Hegarty concluded that Plaintiff satisfied the "good cause" requirement of 16(b) because Plaintiff bases its Motion on new information that gave Plaintiff a clear basis to proceed with its claim against Sala. (*Id.*)

In their Objection to the Recommendation, Defendants argue that the Recommendation contained two critical errors. First, Defendants argue that the Recommendation misapplied Rule 16(b) by failing to find that Trueforce lacked the diligence required by the "good cause" standard on Rule 16(b). Second, Defendants argue that Judge Hegarty erred by relying on the incorrect notion that Trueforce received "newly discovered evidence" from DiPaolo's Declaration on April 8, 2021. The Court analyzes each argument in turn.

    i.    *Diligence*

Defendants argue Plaintiff did not diligently investigate the potential claims against Sala because Plaintiff had "unfettered access to DiPaolo as far back as early 2019" and did not diligently pursue communications with DiPaolo, only obtaining a signed declaration in April 2021. (ECF No. 75 at 4.) But Defendant points out elsewhere that "Telephone conversations among [DiPaolo] and [Plaintiff's counsel] occurred on or about the end of 3/2019; 4/9/2019; 4/11/2019; 4/24/2019; 4/30/2019;

7

6/3/2019; 8/12/2019; 6/10/2020; 6/22/2020; 6/25/2020; 4/2/2021; 4/5/2021 and likely on other dates…" (ECF No. 68 at 5 (quoting ECF No. 68-3).) However, Plaintiff's repeated communications with DiPaolo, most of which occurred before the August 7, 2020 deadline for joinder, support the view that Plaintiff was diligently pursuing information related to potential claims against Sala. Plaintiff explains that it did not receive DiPaolo's signed declaration until April 8, 2021 because it was not until then that DiPaolo was willing to provide it. (ECF 70 at 4.)

Defendants point to two gaps in communication between Plaintiff and DiPaolo — 10 months between August 2019 and June 2020, and for 8 months between late June 2020 and April 2021 — and argue that these gaps show that Plaintiff was not diligently investigating potential claims against Sala. (ECF No. 75 at 4.) But Plaintiff explains that these gaps were the result of DiPaolo going "radio silent," by failing to respond to Plaintiff's repeated messages. (ECF No. 76 at 9.)

The Court finds that Plaintiff diligently attempted to meet the joinder deadline. Plaintiff attempted, unsuccessfully, to work with DiPaolo to obtain reliable evidence prior to the joinder deadline. (ECF No. 76 at 9.) While continuing efforts to obtain reliable evidence from DiPaolo, Plaintiff sent targeted discovery requests in December 2020, in compliance with the scheduling order. (*Id.* at 2–3.) After Defendant requested an extension for production, Plaintiff received documents in March 2021. (*Id.*) Plaintiff obtained DiPaolo's signed declaration on April 8, 2021. (*Id.* at 5.) The documents and the declaration contained new information that Sala received "regular briefings on TruEffect's financial position" and had "detailed knowledge of [TruEffect's] true financial

8

condition" at the time Sala made the statements at issue.  (*Id.* at 7.)  This new information gave Plaintiff a factual basis to support a claim against Sala.

When Plaintiff obtained sufficiently reliable and specific information to substantiate a claim that Sala knew his promise was false when he made it, Plaintiff immediately provided a copy to Defendants and began meeting and conferring about the apparent need to amend the complaint.  (*Id.* at 5.)  On May 6, 2021, less than a month after obtaining DiPaolo's declaration, Plaintiff filed its Motion to Modify Scheduling Order.  (ECF No. 66.)  Plaintiff's prompt response to this new information indicates to the Court that Plaintiff exercised the diligence required by Rule 16(b).

    *ii.*    *New Information*

Defendants argue that Judge Hegarty erred by relying on the notion that Trueforce received "newly discovered evidence" from DiPaolo's Declaration on April 8, 2021.  (ECF 75 at 4.)  According to Plaintiff, documents produced by Defendants in March 2021 and the DiPaolo Declaration, obtained in April 2021, contained new information which it needed to know that Sala received "regular briefings on TruEffect's financial position" and had "detailed knowledge of [TruEffect's] true financial condition" at the time Sala made the statements at issue.  (ECF 66 at 3–4.)  Defendant argues that this information was not new because "the record reflects Plaintiff knew," even before filing the lawsuit, that Sala received regular financial briefings and had detailed knowledge of TruEffect's financial condition.  (ECF 75 at 5.)  But Defendant fails to point to where in the record this knowledge on the part of Plaintiff is shown.  Defendants point to the Complaint's allegation that Sala told Trueforce's Gus Laredo that he was "involved operationally" with TruEffect, but Defendant fails to show how being "involved

9

operationally" is equivalent to being regularly briefed on TruEffect's financial position and having detailed knowledge of TrueEffect's financial condition.

Defendants also point to statements in Plaintiff's 2019 demand letter (ECF 68-8) as evidence that Plaintiff knew that Sala had detailed knowledge of TrueEffect's financial condition. (ECF 75 at 4.) In the demand letter Plaintiff referred to Sala as a "director and *de facto* President" and alleged that "Sala . . . had actual knowledge of the misrepresentations being made to Trueforce . . . dictating the manner in which TruEffect ran its daily affairs and manipulated Trueforce and other creditors into continuing to do work for TruEffect based on knowing and reckless false promises of payment." (*Id.* at 6.) But the Court is not persuaded by Defendants' argument because demand letters are not subject to the heightened ethical standards of court filings and therefore an allegation in a demand letter does not indicate that a party has a sufficient factual basis to support a formal complaint.

The Court finds that the new information Plaintiff learned during discovery provides and "adequate explanation" for delay and satisfies the "good cause" requirement of Rule 16(b).

**B.    Rule 15(a)**

Judge Hegarty found that amendment is proper under Rule 15(a) because Plaintiff only had a basis to add Sala as a defendant after obtaining new information. (ECF No. 71 at 9.) Judge Hegarty reasoned that the amendment would not prejudice Defendants because the new allegations arise out of the same subject matter as the original complaint. (*Id.* at 9.) Judge Hegarty concluded that Plaintiff should be granted leave to amend under Rule 15(a). (*Id.*)

Finding that Defendants failed to meaningfully object to this part of Judge Hegarty's finding and finding no clear error in Judge Hegarty's analysis or conclusion, the Court adopts this portion of the Recommendation.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 71) is ADOPTED in its entirety;

2. Defendants' Objections (ECF No. 75) are OVERRULED;

3. Trueforce's Motion to Modify Scheduling Order (ECF No. 66) is GRANTED;

4. Plaintiff's proposed Third Amended Complaint is ACCEPTED as filed;

5. Plaintiff SHALL FILE the Third Amended Complaint as a separate docket entry on CM/ECF on or before **November 5, 2021.**

5. Defendants shall answer or otherwise respond to Plaintiff's Third Amended Complaint on or before **November 15, 2021**.

Dated this 4th day of November, 2021.

BY THE COURT:

William J. Martinez
United States District Judge